```
                                                          USDC SDNY
                                                          DOCUMENT
                                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                              DOC#: _____
SOUTHERN DISTRICT OF NEW YORK                             DATE FILED: 12/28/2023
```

DR. NICHOLAS WILLIAMS,

            Plaintiff,

v.                                Case No. 23 Civ. 3701 (ALC)(JLC)

QARIK GROUP, LLC,

            Defendant.

## [PROPOSED] CONSENT JUDGMENT

    Plaintiff, Dr. Nicholas Williams (Williams or Plaintiff), and Defendant Qarik Group, LLC (Qarik or Defendant), have agreed to resolve the instant proceeding on the terms as set forth herein:

### RECITATIONS

    **WHEREAS**, on May 2, 2023, Williams filed this action against Qarik (the "Action").

    **WHEREAS**, on September 12, 2023, Qarik answered the complaint and asserted certain counterclaims against Williams.

    **WHEREAS**, on October 30, 2023, Qarik voluntarily dismissed its counterclaims without prejudice.

    **WHEREAS**, on November 9, 2023, the Action was referred to Magistrate Judge James L. Cott for a settlement conference.

    **WHEREAS**, on November 28, 2023, Magistrate Judge James L. Cott scheduled the matter for a settlement conference on December 11, 2023.

WHEREAS, on December 11, 2023, Williams and his counsel (Ryan K. Cummings of counsel to Hodgson Russ LLP) and Qarik (represented by its CEO Joseph Schenk) and its counsel (Amory McAndrew and Steven M. Silverberg of counsel to Hoguet Newman Regal & Kenney, LLP) appeared for the court-ordered settlement conference.

WHEREAS, the Parties have agreed to resolve their disputes, with prejudice, on the terms set forth below.

NOW, THEREFORE, WITH THE CONSENT OF THE PARTIES IT IS ORDERED, ADJUDGED, AND DECREED:

1. Each of the above recitals of this Consent Judgment is acknowledged, adopted, affirmed, and incorporated hereby with the same force and effect as if set forth at length below.

2. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed without costs or attorney fees, save that this District Court shall retain jurisdiction over this action, including without limitation, over implementation of, or dispute arising out of, this Consent Judgment or settlement of this action.

3. Parties Bound. This Consent Judgment shall apply to and be binding upon the Parties and each of their respective successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets of real or personal property, shall in no way alter the status of responsibilities of the Parties under this Consent Decree. Each signatory represents that he is fully and legally authorized to enter into the terms and conditions of this Consent Decree and to bind the Party on whose behalf he signs.

4. Disclaimer. Nothing in this Consent Judgment shall constitute, or be construed as, a finding, admission, or adjudication of liability on any issue of law or fact. In no event shall this Consent Judgment or any negotiations leading thereto be construed, deemed or asserted to be

evidence of admission or a concession on the part of any party to this Consent Judgment of any fault or liability of damages whatsoever. To the extent allowable by law, this Consent Judgment shall have no precedential value or effect and shall not be admissible in any other action or proceeding, except in any action or proceeding to enforce this Consent Judgment, any action or proceeding contemplated by the terms of this Consent Judgment, or any action or proceeding relating to any contemporaneous Agreement among the parties to this Consent Judgment.

5. Payment. In consideration of the releases and other agreements between the Parties, Qarik shall pay Williams the total sum of two hundred sixty-five thousand dollars ($265,000) (the "Settlement Amount") in monthly installments as follows (each before 5:00 p.m. EST):

    a. On or before December 22, 2023: no less than $26,500.00
    b. On or before January 22, 2024: no less than $26,500.00
    c. On or before February 22, 2024: no less than $26,500.00
    d. On or before March 22, 2024: no less than $26,500.00
    e. On or before April 22, 2024: no less than $26,500.00
    f. On or before May 22, 2024: no less than $26,500.00
    g. On or before June 22, 2024: no less than $26,500.00
    h. On or before July 22, 2024: no less than $26,500.00
    i. On or before August 22, 2024: no less than $26,500.00
    j. On or before September 22, 2024: no less than $26,500.00

6. Method of Payment. Payments shall be made by wire transfer or ACH to Williams at a bank designated to Qarik's counsel simultaneously with the entry of this Consent Judgment.

7. Acceleration. In the event that Qarik and/or substantially all of its assets are sold and/or transferred and/or disposed of, or control of its assets otherwise changes to a separate entity (an "Acceleration Event"), the payment schedule set forth in paragraph "5." above will no longer be in effect and the full Settlement Amount, less the sum of any payments made through

and including the date of the acceleration event, will immediately become due from Qarik or the acquiring party. If an Acceleration Event, as defined herein occurs, Defendant shall provide written notice to Plaintiff (drnicwilliams@gmail.com) as well as Hodgson Russ LLP attn.: Ryan Cummings, Esq. (ryan_cummings@hodgsonruss.com) and Joshua Levitt, Esq. (jlevitt@hodgsonruss.com) as soon as it reasonably believes an Acceleration Event, as defined herein, is likely to occur. Such notice will apprise Plaintiff and Hodgson Russ LLP of the identity of Defendant's successor and/or transferee of any such assets; provided that Plaintiff has signed a non-disclosure agreement relating to the information contained in the notice. If an Acceleration Event as defined herein occurs, the Settlement Amount must be paid in full, less the sum of any payments made through and including the date of the acceleration event, to Plaintiff within fifteen (15) business days of the consummation of any such sale, transfer, disposal, or change of control.

8. Discounted Payment. Defendant shall have the right, at its discretion, to make prepayment of the Settlement Amount under this Agreement. In the event Defendant pays Plaintiff $250,000.00 on or before June 22, 2024, the remaining $15,000.000 of the Settlement Amount will be forgiven, and the debt will be considered fully paid (the "Discounted Payment"). The Discounted Payment will apply to an Acceleration Event only if payment in full is made to Plaintiff on or before June 22, 2024 at 5:00 p.m. EST.

9. Late Payment, Cure, and Default. In the event that Defendant fails to abide by the payment schedule as set forth in paragraph "5" above ("Late Payment"), Defendant shall have the opportunity to cure such Late Payment for a period of ten (10) calendar days.

In the event of a Late Payment, and such Late Payment is not cured by close of business (5:00 p.m. EST) on the tenth (10) calendar day following the respective

payment's due date, Defendant shall be in Default. Immediately upon Default, Plaintiff shall be entitled to enter a Money Judgment against Qarik, without notice, in the amount of two hundred seventy-five thousand dollars ($275,000) (the "Default Amount"), less the sum of any payments made through and including the date of the default, plus Plaintiff's reasonable attorneys' fees in seeking said entry and collection of default judgment (the "Default Amount"). For the avoidance of doubt, if, on the tenth calendar day following a Late Payment, Defendant has not cured such Late Payment, Plaintiff may file the Money Judgment at 5:01 p.m. EST.

10.  Defendant represents and warrants that, in the event of Default, Defendant will not assert any rights, claims, cross-claims, counterclaims, causes of action, demands, damages, setoffs, discharges, or defenses with respect to Defendant's obligations hereunder, and will not otherwise contest the entry of the Money Judgment by Plaintiff for the Default Amount, except with respect to errors in calculation of payment or the reasonableness of Plaintiff's claimed attorneys' fees.

11.  <u>Satisfaction of Judgment</u>. Upon payment of the full Settlement Amount, a Satisfaction of Judgment shall be filed by the Parties.

12.  <u>General Releases</u>.

  a.  In exchange for the consideration provided in this Consent Judgment, Defendant hereby stipulates and agrees that Defendant waives, irrevocably and unconditionally fully and forever releases, and discharges any and all claims against Plaintiff, Plaintiff's agents, attorneys, successors and assigns from all actions, causes of actions, demands, suits, debts, sums of money, damages, judgments, executions, claims and demands whatsoever in law or equity

which Defendant, Defendant's successors and assigns ever had, now have or hereafter can, shall or may have for, or by reason of any matter whatsoever including but not limited to those concerning, relating to, or arising out of the MIPA or the Action, the claims or defenses raised or which could have been raised in the Action.

  b. In exchange for the consideration provided in this Consent Judgment, upon payment of all sums due under paragraph 4 or 8 above, Plaintiff, on his own behalf and on behalf of Plaintiff's heir, estates, agents, attorneys, successors and assigns, hereby stipulates and agrees that he waives, irrevocably and unconditionally fully and forever releases, and discharges any and all claims against Defendant, Defendant's agents, attorneys, successors and assigns from all actions, causes of actions, demands, suits, debts, sums of money, damages, judgments, executions, claims and demands whatsoever in law or equity which Plaintiff, Plaintiff's heirs, successors and assigns ever had, now have or hereafter can, shall or may have for, or by reason of any matter whatsoever including but not limited to those concerning, relating to, or arising out of the Action, the claims or defenses raised or which could have been raised in the Action.

  c. Notwithstanding the foregoing, the above releases do not apply to the enforcement of the terms of this Consent Judgment and the Parties' respective obligations under this Consent Judgment.

13. Governing Law. This Consent Judgment shall be governed and interpreted in accordance with federal law, or to the extent applicable, in accordance with the laws of the State of New York.

14. Complete Agreement and Signing. This Consent Judgment contains the complete agreement among the Parties regarding the subject matter addressed herein and fully supersedes all prior contracts, agreements, understandings, negotiations, or discussions, oral or written,

relating to the subject matter of this Consent Judgment. There are no warranties, representations, agreements, or understandings, oral or written, relating to the subject matter hereof that are not fully expressed or provided for in this Consent Judgment. This Consent Judgment may not be amended, modified, supplemented, or otherwise changed without the written consent of the Parties and approval of the federal District Court. This Consent Judgment may be signed in counterparts.

15. Effective Date. This Consent Judgment shall be effective upon the date that the Court enters this Consent Judgment (Effective Date).

DR. NICHOLAS WILLIAMS

Dated: December 18, 2023

BY: _____
Ryan K. Cummings, Esq.
HODGSON RUSS LLP
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 848-1665

Dated: December 18, 2023

BY: _____
Name: Dr. Nicholas Williams

QARIK GROUP, LLC

Dated: December 18, 2023

BY: _____
Amory McAndrew, Esq.
Steven M. Silverberg, Esq.
HOGUET NEWMAN REGAL AND KENNEY, LLP
60 East 42nd Street, 48th Floor
New Yor, New York 10165
Telephone: (212) 689-8808

Dated: December 18, 2023

BY: *[signature]* Joseph Schenk (Dec 18, 2023 16:15 EST)

Name: Joseph Schenk

Title: Chief Executive Officer

SO ORDERED, ADJUDGED AND DECREED this 28 day of December, 2023.

*[signature]*

Hon. Andrew L. Carter, Jr., U.S.D.J.